CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
6/4/2019
JULIA C. DUDLEY, CLERK
BY: s/ C. Amos
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| TIMOTHY Z. SANTIAGO,<br><br>                          *Plaintiff,*<br><br>    v.<br><br>COMMONWEALTH OF VIRGINIA,<br><br>                         *Defendant.* | CASE NO. 6:19-cv-00036<br><br>ORDER<br><br>SENIOR JUDGE NORMAN K. MOON |

      Timothy Z. Santiago commenced this action against the Commonwealth of Virginia by filing a *pro se* complaint (dkt. 2) as well as an application to proceed *in forma pauperis* (dkt. 1). The Court **GRANTS** the application to proceed *in forma pauperis* but **DISMISSES** the Complaint for lack of jurisdiction because the suit is barred by the Eleventh Amendment to the United States Constitution.

      Plaintiff seeks reinstatement of his driver's license and monetary damages, naming the Commonwealth of Virginia as the sole defendant. (Dkt. 2 at 1, 5). The Eleventh Amendment, however, prohibits exercise of federal judicial power over "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. Determinative here, it is well-established that the Eleventh Amendment "also precludes citizens from bringing suits in federal court against their own states." *Litman v. George Mason Univ.*, 186 F.3d 544, 549 (4th Cir. 1999). A suit against a State is "barred regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Because of its jurisdictional nature, a court may consider the issue of Eleventh Amendment immunity at any time, even *sua sponte*. *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 227 (4th Cir. 1997).

The Complaint names the Commonwealth of Virginia as Defendant. Plaintiff does not contend that the Commonwealth has consented to this suit. Therefore, the action is barred by the Eleventh Amendment and is dismissed. *See Papasan v. Allain*, 478 U.S. 265, 276 (1986) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment . . . whether the relief sought is legal or equitable." (internal quotation marks and citations omitted)).[1]

Accordingly, it is hereby **ORDERED** that: (1) Plaintiff's motion for leave to proceed *in forma pauperis* (dkt. 1) is **GRANTED**; (2) Plaintiff's complaint is **DISMISSED** for lack of jurisdiction pursuant to the Eleventh Amendment to the United States Constitution; and (3) the case is **STRICKEN** from the active docket of the Court.

The Clerk of the Court is directed to send a copy of this Order to the *pro se* Plaintiff and to close this case.

**ENTERED** this  4th  day of June, 2019.

*[signature: Norman K. Moon]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The suit would also be subject to dismissal if construed to be brought pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action against any "person" who, under color of state law, causes the deprivation of another person's rights under the Constitution or laws of the United States. It is well-settled, however, that neither a State nor an agency of the State is a "person" within the meaning of the statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64-66 (1989). Because the Complaint does not assert a claim against a "person" but only against the Commonwealth, the action fails to state a claim on which relief may be granted under Section 1983. *See* 28 U.S.C. §1915(e)(2)(B)(ii) (applicable to proceedings *in forma pauperis*).